ANDERSON GRAY v. LUELLA F. STEWART *et al.*
No. 13,803.  (78 Pac. 852.)

SYLLABUS BY THE COURT.

1. STATUTORY CONSTRUCTION—*Natural Rights of Persons.*   A
statute in derogation of the natural right of a person to hold and
manage his own property must be strictly construed.

2. ———— *Status of One Convicted of Murder and Imprisoned
Pending Action by the Governor.*   One convicted of murder in
the first degree, and sentenced under the statute as it now exists
to suffer death, the same to be inflicted at a time to be appointed
by the governor after the expiration of a year from the time of
conviction, is not thereby, during the time of his detention in the
penitentiary, rendered incapable of managing his own estate.
Such a sentence is not one of imprisonment for life, or for a
term less than his natural life.

3. ———— *Judgment in Foreclosure against One Subsequently
Convicted of Murder in the First Degree Held Not Dormant—
Case Overruled.*   During imprisonment in the penitentiary of
one convicted of murder in the first degree an order of sale was
issued upon a judgment of foreclosure rendered against him be-
fore such imprisonment, the land was sold, the sale confirmed,
and a sheriff's deed issued.  *Held,* that the judgment did not
become dormant by reason of such imprisonment, and that such
proceedings and deed were not void; and *held,* further, that
neither section 337 nor 338 of the criminal code (Gen. Stat. 1901,
§§ 5775, 5776) applies to such a sentence.  The case of *Ashmore
v. McDonnell,* 16 Pac. [Kan.] 687, overruled.

Error from Sumner district court; JAMES LAWRENCE,
judge.  Opinion filed December 1, 1904.  Affirmed.

*S. W. Shattuck, jr.,* and *Conly & Conly,* for plaintiff
in error.

*Ed. T. Hackney,* and *Kos Harris,* for defendants in
error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The assignment of error in this
case is the granting of the motion of defendants be-
low for judgment upon the pleadings, and rendering

such judgment for defendants. The petition was one in statutory form in ejectment, with a second cause of action for rents and profits. The answer pleaded, as justification for the defendants' possession, a sheriff's deed, "which deed was duly executed and delivered" to defendants' grantors, and was based upon a foreclosure of two mortgages, the steps in which foreclosure action were set out in detail. The reply specifically admitted the giving of the mortgages by the plaintiff, the commencement of the foreclosure action thereon, the due rendition of judgment of foreclosure, but denied the other allegations of the answer. The denial, however, was not verified. By way of avoidance of the validity of the sheriff's deed the reply further alleged that the plaintiff, Anderson Gray, was, prior to the rendition of the judgment of foreclosure, convicted of the crime of murder in the first degree and sentenced under such conviction, as provided by statute, to be confined at hard labor in the penitentiary for one year and then to be executed by hanging, upon the order of the governor issued therefor; that after the rendition of the judgment in the foreclosure case, but before the issuance of the order of sale, the sale thereunder, the confirmation thereof, and the execution of the sheriff's deed under which the defendants claimed, Gray was taken to the penitentiary and there confined during this time. He was subsequently pardoned and restored to his civil rights.

The claim, in short, is that, by reason of his sentence and the imprisonment thereunder at the time of the proceedings subsequent to the rendition of the judgment in the foreclosure case, such proceedings were void and ineffectual to transfer the title of the land in controversy from Gray to the purchaser at the sheriff's sale, there having been no revivor of the foreclosure action against Gray.

This brings us to the consideration of sections 337 and 338 of the code of criminal procedure (Gen. Stat. 1901, §§ 5775, 5776). Unless by the terms of these sections the judgment in the foreclosure case became dormant, the sale proceedings thereunder and the sheriff's deed were and are good, and conveyed title. If, however, the judgment became dormant by reason of such sentence and imprisonment, then the sheriff's sale and deed conveyed no title, no revivor having been had. The sections referred to read as follow :

"Whenever any person shall be imprisoned under a sentence of imprisonment for life, his estate, property and effects shall be administered and disposed of in all respects as if he were naturally dead.

"Whenever any person shall be imprisoned in the penitentiary for a term less than his natural life, a trustee to take charge of and manage his estate may be appointed by the probate court of the county in which said convict last resided."

By the terms of the statute (Crim. Code, §§ 258, 259 ; Gen. Stat. 1901, §§ 5703, 5704) the sentence imposed upon one convicted of murder in the first degree is that he suffer death, the same to be inflicted at a time appointed by the governor, not less than one year from the time of conviction, and until such time the convicted man is to be safely kept by the warden of the penitentiary.

Now, we think this sentence does not fall within the terms of either section 337 or 338. Clearly, the convict was not imprisoned under a sentence for life. His imprisonment might be for life, if his execution were not ordered, but his sentence was not for life. Nor was he imprisoned under a sentence for a term less than his natural life. The sentence was one of death. The detention in the penitentiary was something incidental to the sentence, and pending the

carrying out thereof. It will not be contended that, were the sentence of death to be inflicted presently by the sheriff of the county, as provided prior to the enactment of the present law, the provisions of either of these sections would operate. The detention, however, of the condemned man would be no different in quality in the one case than in the other. These sections were the law long before the adoption of the present provision relative to the execution of one condemned to suffer capital punishment, and, of course, were not then applicable. Being in derogation of the natural rights of persons to hold and manage their own property, the sections must be strictly construed and their provisions extended no further than the clear import of their terms requires. In this they are analogous to the case where a spendthrift is deprived by statutory proceedings of his natural right to manage his own property. (*Smith v. Spooner*, 3 Pick. 229; *Jones v. Semple*, 91 Ala. 182, 8 South. 557; *Strong v. Birchard*, 5 Conn. 357; Black, Const. & Interp. Laws, 300; Endl. Interp. Stat. § 340; Suth. Stat. Const. § 366; 26 A. & E. Encycl. of L., 2d ed., 661.)

We are aware that the case of *Ashmore v. McDonnell*, a Kansas commissioners' decision, reported in 16 Pac. 687, not found in the Kansas reports, announces a view contrary to the above. In this case, however, it does not appear that the terms of the two sections quoted were critically considered. They certainly were not commented upon, either in the opinion or in the briefs of the attorneys in the case. It seems to have been assumed by the attorneys for both parties, as well as in the opinion, that the terms of one or the other of these sections applied to the estate of one convicted of murder in the first degree. The judgment of the commissioners in this case was reversed

by this court in 39 Kan. 669, 18 Pac. 821, but upon a point which did not involve the consideration of the statute now under view. The court, however, did say, in a very incidental and subordinate manner, without discussion, and apparently without any consideration, that the commissioners' decision would have been correct were it not for the matters discussed in its opinion.

It is also true that the court, in the cases of *Seeley v. Johnson*, 61 Kan. 337, 340, 59 Pac. 631, 78 Am. St. Rep. 314, and *Manley v. Mayer*, 68 Kan. 377, 396, 75 Pac. 550, in referring to the case of *Ashmore v. McDonnell*, assumed that the sentence there was one for life, and, hence, that the terms of section 337 applied, following in the wake of the assumption in that case, without discussion or thought.

We are convinced that the question now under consideration has never before received consideration by this court.

It may be urged that the need for the appointment of a trustee and the revivor of a judgment is as great where one is confined in the penitentiary pending his execution as though he were sentenced to the term of one or more years as punishment. That may be so, but if the statute, strictly construed, does not so provide, the discussion, so far as we are concerned, must end. The question is one for the legislature, and not the courts.

We hold that the confinement of Gray in the penitentiary under the sentence imposed did not cause the judgment of foreclosure against him to become dormant, nor require the appointment of a trustee, and, hence, that the proceedings under such judgment which ripened into a sheriff's deed were valid and

vested an indefeasible title to the land in the purchaser.

A point is sought to be made arising out of the denial in the reply of one of the deeds in the chain of conveyance from the purchaser at the sheriff's sale. This claim is without merit, for it is admitted in the reply that Stewart is in possession claiming under the title derived by the sheriff's deed. Therefore, having found the sheriff's deed good, defendants are entitled to retain possession ; and, besides, the plaintiff must recover on the strength of his own title. Having been divested of that by the sheriff's deed he cannot recover, even though the defendants have nothing but possession.

The judgment of the lower court is affirmed.

All the Justices concurring.