Argued October 20, affirmed November 22, 1921.

## GRASSER *v.* JONES ET AL.

(201 Pac. 1069.)

**Convicts—Limitation of Actions—One Imprisoned cannot Redeem Real Property Under Foreclosure After One Year — "Civil Rights."**

1. Where mortgagor was convicted of ·a felony and imprisoned, and foreclosure was had by reason of default, and sheriff's deed delivered, he was not entitled, after leaving the prison more than one year after the delivery of the sheriff's deed, to give notice and redeem under Section 248, Or. L., either by Section 17, Or. L., relating to running of limitations, or Section 2380, suspending "civil rights" of persons imprisoned; the right to redeem being manifestly a civil right.

From Marion: GEORGE G. BINGHAM, Judge.

Department 1.

Prior to January 16, 1915, the plaintiff gave a note and secured the same by mortgage on his real estate. On that date he was convicted of a felony and sentenced to imprisonment in the penitentiary of this state for a term of from one to fifteen years. Default having been made in the payment of the note, suit to foreclose the mortgage was commenced March 11, 1916. This proceeded to decree, sale, confirmation and sheriff's deed, the date of this latter document

---

On the question of capacity of convict to contract, see notes in Ann. Cas. 1916D, 225; 52 L. R. A. (N. S.) 320.

being August 3, 1917. The plaintiff was pardoned July 15, 1919. On November 22d following, he offered to redeem in pursuance of formal notice given within thirty days prior thereto. The sheriff, to whom the application was made, refused to allow him to redeem, and he has brought this suit against the officer, with the purchaser at the sale and others who, he says, claim some interest in the property, the object being to compel the allowance of redemption, for an accounting of the rents and profits of the property, and for damages for the conversion of certain personal property alleged to have been left by the plaintiff on the premises when he was incarcerated in the penitentiary. The Circuit Court sustained a general demurrer to the complaint, and the plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Ronald C. Glover* and *Mr. A. O. Condit,* with an oral argument by *Mr. Glover.*

For respondents there was a brief and oral argument by *Mr. W. C. Winslow.*

BURNETT, C. J.—The mortgagor or judgment debtor whose rights and title were sold has a right to redeem real property within one year after the confirmation of the sale: Section 248, Or. L. The sale was confirmed July 17, 1916, but the offer to redeem was not made until more than three years later, namely, November 22, 1919. If nothing else were shown, it is plain that the offer was too late. Says the plaintiff, however, quoting Section 17, Or. L.:

"If any person entitled to bring an action mentioned in this chapter or to recover real property, or

for a penalty or forfeiture, or against a sheriff or other officer for an escape, be at the time the cause of action accrued, either * * imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life, the time of such disability shall not be a part of the time limited for the commencement of the action, but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

The section is taken from Chapter 2 of Title I, Or. L., and relates to the time for commencing actions or suits.

It is also said in the language of Section 2380, Or. L., that:

"A judgment of imprisonment in the penitentiary for any term less than for life suspends all the civil rights of the person so sentenced, and forfeits all public offices and all private trusts, authority, or power during the term or duration of such imprisonment."

The contention on behalf of the plaintiff is, that his civil rights, among them the right of redemption, were suspended while he was a convict, and that Section 17, Or. L., allows him to redeem within one year after his disability as a convict ceased. In other words, he contends that his restoration to citizenship by pardon included the revival of his right to redeem, which hitherto had been suspended.

Section 17, as stated, relates to the time within which a suit or action may be commenced. The plaintiff had no cause of suit or action in any event until the sheriff refused to allow him to redeem. An offer to redeem and a refusal to allow redemption are conditions necessarily precedent to the right to sue.

Hence his cause of suit accrued, if at all, after his disability was removed. What the result would have been if the plaintiff had made his offer to redeem before the expiration of the year and while he was still in prison, is not before us, because no such offer was made. The question turns upon the effect to be given Section 2380, *supra,* suspending the civil rights of the convicted plaintiff.

The right to redeem is manifestly a civil right: 2 Words & Phrases, 1199. The effect of the suspension of the civil rights of a convict under a statute identically like ours had the consideration of the Supreme Court of California in *In re Nerac,* 35 Cal. 392 (95 Am. Dec. 111). The essence of the case is stated thus in the syllabus:

"One sentenced to the state prison for a felony for a term less than his natural life is not dead in law. His civil rights in some matters are suspended, but the rights of his creditors are not suspended."

In *Gray* v. *Stewart,* 70 Kan. 429 (78 Pac. 852, 109 Am. St. Rep. 461), the sale of a convict's land and the consequent deed were held valid. In *Byers* v. *Sun Savings Bank,* 41 Okl. 728 (139 Pac. 948, Ann. Cas. 1916D, 222, 52 L. R. A. (N. S.) 320), the court sustained the right of a convict to contract to encumber the land to pay his attorney to procure for him a parole, and this under a statute precisely like ours. The court in *In re Deming,* 10 Johns. (N. Y.) 232, said:

"The limitations to the operation of a pardon on his antecedent rights is that it cannot divest any person of any right, or interest which the law had permitted to be acquired and vested in consequence of the judgment."

This language is used in the syllabus of *Coffee* v. *Haynes,* 124 Cal. 561 (57 Pac. 482, 71 Am. St. Rep. 99):

"A court has jurisdiction to enforce an execution against the property of a defendant in an action who has been sentenced to a state prison for life on a charge of murder, though the judgment in the civil action was not entered against him until after his civil death."

The subject is extensively treated in *Avery* v. *Everett,* 110 N. Y. 317 (18 N. E. 148, 6 Am. St. Rep. 368, 1 L. R. A. 264). The substance of the doctrine taught in that case is that civil death does not of itself divest the offender of his lands as a general rule; he can be sued but cannot sue; he can contract but cannot compel the courts to aid him in the enforcement of his contract. This was the declaration of the court concerning the situation of a convict at common law. In *Gray* v. *Gray,* 104 Mo. App. 520 (79 S. W. 505), it is said that the civil death which attaches to a person as an incident of his conviction of an infamous crime destroys his right to sue, but not the right of courts to entertain suits against him. The court quotes with approval this language from Chitty's Criminal Law, 725:

"This situation of *civiliter mortuus* is not allowed to protect him [an attainted or convicted person] from the claims of private individuals or the necessities of public justice; so that though he can bring no action against another, he may be sued and an execution may be taken out against him."

1. If, as some of these precedents indicate, anyone convicted of a crime can contract, he certainly could give notice and make his offer to redeem, thus fixing the genesis of his right to sue if refused, with the

privilege of waiting under the terms of the statute until his disability was removed, before prosecuting the suit. On the other hand, if his civil rights are suspended, as the statute says, they form no obstacle to the proceedings on behalf of his creditors. To hold otherwise would be to punish them or at least to impair the validity of their contracts. Under the statute, the mortgage creditor has a right to foreclose upon default being made. He may pursue that remedy to its full fruition, ending in the sheriff's deed to the property sold at foreclosure. If it is to be understood that one who otherwise would have a right of redemption for a year after the sale could, by committing a crime, extend that period for five years, or while he is incarcerated as a punishment for his offense, it would impair the value of the mortgagee's remedy and allow the debtor to take advantage of his own wrong. The suspension of his civil rights is one of the consequences of the crime of which he is convicted and should have engaged his attention before he committed the offense.

In brief, it is not the rights of the mortgagee which are suspended, but those of the mortgagor convicted of the crime, and it cannot be that his conviction will work out for him a more favorable situation than if he had not been proved guilty of the offense, especially where the result would be to impair the obligation of his contract with the mortgagee. The judgment of the Circuit Court is affirmed.

AFFIRMED.

McBRIDE, HARRIS and BROWN, JJ., concur.