No. 28,178.

THE STATE OF KANSAS, ex rel. WILLIAM A. SMITH, Attorney-general, *Appellant,* v. EMMA GILLEN and JOHN SYNOTT, *Appellees.*

(268 Pac. 94.)

Opinion filed June 9, 1928.

*William A. Smith,* attorney-general, *Leon W. Lundblade,* assistant attorney-general, and *Ernest E. Blincoe,* county attorney, for the appellant.

*Douglas Hudson* and *Harry Warren,* both of Fort Scott, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves a construction of section 7 of chapter 245 of the Laws of 1927, relating to persons engaged in or desiring to engage in the occupation of cosmetologist. The state sought to enjoin the defendant from practicing such occupation. It was defeated and appeals.

The facts are substantially these: The defendant, Emma Gillen, is a resident of Fort Scott and the operator of a beauty parlor in a drug store owned by the defendant, John Synott. From July, 1924, until about October 1, 1926, she practiced her occupation at Fort Scott. From October 1, 1926, until March 1, 1927, she practiced in Joplin, Mo., returning to Fort Scott shortly after the first of March, and was there practicing June 1, 1927. After the latter date, the state board of cosmetologists gave notice to the defendant and held an examination which she declined to take, whereupon the board

refused to issue her a license on the grounds that she had not practiced the occupation of cosmetologist continuously for a period of six months prior to the first day of June, 1927, within the state of Kansas and that she did not take the examination as required by the act.

The defendant contends that the act under consideration nowhere provides that the applicant for registration must have practiced within the state of Kansas nor for six months immediately prior to its taking effect. We think the contention sound.

The statute in question provides that:

"Every person now engaged in the occupation of cosmetologist, as herein defined, and who has practiced his occupation for a period of six months continuously and prior to the taking effect of this act and desiring to pursue such occupation in this state, shall file with the secretary of the board of registration an affidavit, . . . that no examination shall be required of such applicant if he is so established and is so practicing such occupation of cosmetologist in good faith and complies with the provisions of this act as to character and physical condition, otherwise such applicant shall be subject to the requirements of section 8 herein." (Laws 1927, ch. 245, § 7.)

The question presented is whether or not the legislature intended that a person must have practiced the occupation of cosmetologist continuously and next prior to the taking effect of the act in the state of Kansas in order to procure a certificate without examination, or whether the section means that one who has practiced the occupation of cosmetologist continuously for six months either in Kansas or any other state shall be entitled to such certificate without examination.

Nowhere in the act is it stated that the applicant must have practiced within the state of Kansas or that the applicant shall have practiced for six months immediately prior to its taking effect.

It is conceded that the defendant was a resident of the state of Kansas and had practiced the occupation of cosmetology for approximately three years in Fort Scott, except for a period of some five months, when she was temporarily out of the city of Fort Scott and practicing in Joplin, Mo.; that she was a resident of Fort Scott at the time of the taking effect of the act and engaged in the occupation of cosmetology as required therein. It was agreed that she made application and tendered her fees and did everything necessary to be registered as provided in the act, and that the only reason

for not issuing her a certificate was that she had not practiced within the state of Kansas for a period of six months immediately prior to the taking effect of the act. In our opinion the interpretation contended for is not correct.

"Where the statute not only effects a change in the common law but is also in derogation of common rights, it must be construed with especial strictness. Examples of such statute are those which operate in restraint of personal liberty or civil rights . . . or which restrain freedom of contract, the exercise of any trade or occupation, or the conduct of business. The rule to be applied in the construction of all such statutes, is that they must not be deemed to extinguish or restrain private rights, unless it appears by express words or plain implication that it was the intention of the legislature to do so." (36 Cyc. 1179, 1180.)

This rule was recognized in *Gray v. Stewart,* 70 Kan. 429, 78 Pac. 852, where it was said in the opinion:

"Being in derogation of the natural rights of persons to hold and manage their own property, the sections must be strictly construed, and their provisions extend no farther than the clear import of their terms required. In this, they are analogous to the case where a spendthrift is deprived by statutory proceedings of his natural right to manage his own property." (p. 432.)

In 25 R. C. L. 1057 it is said:

"In case of statutes penal in their character, or in derogation of common right, a strict construction is required."

In *Crayton v. Larrabee,* 220 N. Y. 493, 116 N. E. 355, L. R. A. 1918E, 432, in referring to the state board of health, the court said:

"Among all the objects to be secured by governmental laws, none is more important than the preservation of the public health. As a potent aid to its achievement the state creates or authorizes the creation of local boards of health or health officers. The character or nature of such boards is administrative. In determining whether or not powers derogatory of common-law rights are conferred upon them by statutory enactment, the rule of strict construction must be applied and the bestowal must clearly appear." (p. 501.)

In 36 Cyc. it is said:

"A 'strict construction' of a statute is a close adherence to the literal or textual interpretation, and a case is excluded from its operation unless the language of the statute includes it, while a statute 'liberally construed' may be extended to include cases clearly within the mischief intended to be remedied, unless such construction does violence to the language used." (p. 1172. See, also, 25 R. C. L. 1024.)

We are of opinion it was the intention of the legislature that any person who was at the time of the taking effect of the act a resident of Kansas, and who had practiced the occupation of cosmetology

for a period of six months, should be exempted from taking the examination required; that it was not the intention to discriminate between the practice of such occupation in this state and such practice in another. The requirement exacted was that the applicant for registration be a resident of this state at the time of the taking effect of the act and to have practiced continuously for six months.

The judgment is affirmed.