Argued May 5, affirmed June 29, 1966

# BOATWRIGHT *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

### 416 P. 2d 328

*Garry Kahn,* Portland, argued the cause for appellant. With him on the brief were Pozzi, Levin & Wilson, Portland.

*Earl M. Preston,* Assistant Attorney General, Eugene, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, DENECKE, SCHWAB and HAMMOND, Justices.

DENECKE, J.

Plaintiff suffered an industrial accident in September, 1964, and began receiving benefits under the Workmen's Compensation Act. In December, 1964, he commenced serving a prison term for the commission of a felony. In February, 1965, the State Industrial Accident Commission closed his claim. Plaintiff petitioned for a rehearing; the Commission reopened the claim and in April, 1965, granted plaintiff a permanent partial disability award and closed his claim. In May, 1965, plaintiff appealed from the Commission's award to the circuit court. The Commission moved to dismiss upon the ground that the plaintiff had no legal capacity to sue. Appended to the motion were documents evidencing that the plaintiff was confined in the penitentiary pursuant to a sentence for a felony conviction. The trial court granted the motion.

ORS 137.240 provides: "(1) Conviction of a felony: (a) Suspends all the civil and political rights of the person so convicted." This has been the law of Oregon since the state's inception. General Laws of Oregon (Deady 1845-1864) (Crim Code), § 701, p 575.

Statutes similar to that of Oregon generally have been construed to suspend the prisoner's right to commence an action. *Green v. State,* 278 NY 15, 14 NE2d

833 (1938); cases cited in 48 Yale L J 913, n 9 (1939). We have intimated that this is true under the Oregon statute, but have not directly so held. *Grasser v. Jones,* 102 Or 214, 201 P 1069, 18 ALR 529 (1921). However, other legislation is conclusive evidence that the legislature intended the above-quoted legislation to suspend a prisoner's right to maintain an action.

ORS 12.160 provides:

> "If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 or 12.070 to 12.260 is:
> "(1) Within the age of 21 years,
> "(2) Insane, or
> "(3) Imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life,
>
> the time of such disability shall not be a part of the time limited for the commencement of the action; * * *." (The ORS sections are those stating the limitation periods for the various kinds of actions.)

■ This statute was also contained in Oregon's original code. General Laws of Oregon (Deady 1845-1864) (Civ Code), § 17, p 143. It clearly indicates the legislators' belief that a prisoner could not maintain an action. It does not toll the limitation period for filing appeals from the Industrial Accident Commission to the circuit court.

■ We hold that the plaintiff had no legal capacity to maintain the action.

The plaintiff points out that in 1963 the legislature provided Workmen's Compensation benefits for prisoners injured while working, including a right of appeal to the circuit court from the Commission's order. ORS 655.505-655.550. However, the legislation

does not include prisoners injured before they became prisoners.

In the past, a problem similar to the present one arose concerning the time within which a mentally incapable person must file a claim for Workmen's Compensation benefits. In *Lough v. State Industrial Acc. Com.,* 104 Or 313, 207 P 354 (1922), we held that a workman who was rendered mentally incapable by an industrial injury and thus rendered incapable of filing a claim, was, nevertheless, barred because he did not file his claim within three months after the injury, as the statute required. The legislature changed this harsh statute by providing an exception to the statute as follows:

"* * * If a workman, as a result of an accidental injury, has been rendered mentally incapable of filing a claim, a claim may be filed by the workman within 60 days after the removal of such mental incapacity or during such incapacity on behalf of the workman by his parent, spouse, guardian, employer or physician. Any such claim must be filed within one year from date of the accidental injury. * * *" Oregon Laws 1935, ch 139, § 1(e), p 215.

This was retained in principle by the 1965 legislature as a limitation upon the time within which a hearing must be requested. ORS 656.319(1) (d). The exception quoted is limited; it applies only when the mental incapacity results from an accidental injury and a one-year limit is set.

The legislative and judicial history of the time limitation placed upon mentally incapable persons dissuades us from straining to construe the statute in favor of the injured workman.

■ Plaintiff asserts the statute as interpreted by

the trial judge is invalid under the Federal and State Constitutions, but he cites no judicial authority to support such assertions. We find such arguments without validity.

Affirmed.