Argued September 21, affirmed as modified November 2, 1970

# BLACKMUN, *Respondent, v.* STATE ACCIDENT INSURANCE FUND, *Appellant.*

475 P2d 982

*Quintin B. Estell*, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and Wallace Carpenter, Assistant Chief Trial Counsel, Salem.

*Charles H. Seagraves, Jr.*, Grants Pass, argued the cause for respondent. With him on the brief were Myrick, Seagraves & Nealy, Grants Pass.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Plaintiff filed a claim for benefits claimed due her as widow of an alleged civil defense volunteer under ORS 401.805 et seq. The claim was for the death of her husband while on a search mission. She alleges he was engaged in a civil defense activity at the time of his death and thus she is eligible for benefits. Defendant, State Accident Insurance Fund, is the processing agent for civil defense injury claims. It denied the claim and upon appeal the circuit court held that the claim was valid. Defendant appeals to this court.

Emmett J. Blackmun was killed as the result of an automobile accident on a mountain road while he was engaged as part of an organized search in Jose-

phine County for some missing persons. His car left the road and plunged down the mountainside.

Blackmun was one of the organizers of the Josephine County Sheriff's Patrol, a voluntary organization formed to assist the sheriff and to assist in the search for missing persons. As a member of the patrol, Blackmun had taken an oath and been sworn in as a deputy sheriff. The constitution and by-laws of the sheriff's patrol recite that it is formed under principles of Americanism, preservation of law and order, and peace-keeping to "offer our services in active duty if called upon * * * to * * * the Sheriff of Josephine County, and/or * * * Governor" for certain enumerated purposes "and for the further purposes of assisting in the search for missing persons."

Early in the morning of September 24, 1968, Blackmun, then captain of the sheriff's patrol, received a report of two missing persons. He reported this to the county sheriff who authorized Blackmun to call out the sheriff's patrol, which Blackmun did. The sheriff notified his regular deputies, the Civil Air Patrol and the director of the Josephine County Civil Defense organization, who asked for and received from the sheriff's office, sometime during the morning of the day Blackmun was killed, a list of the names of the volunteer personnel engaged in the search. The Josephine County Civil Defense director authorized the sheriff's department to use the civil defense truck in the operation. He testified that he considered the mission in which Blackmun was engaged "a training mission within the Civil Defense structure."

Decedent had not taken the civil defense loyalty oath and although the director of civil defense had made a record of the persons sent out on civil defense

missions from time to time, no permanent record of enrollment of civil defense volunteers was maintained.

We turn now to a consideration of the applicable law. Civil defense volunteers are eligible for certain benefits for injury sustained in civil defense service, ORS 401.810.[①] "Civil defense volunteer" includes

"* * * any person in civil defense service who is a registered member of a regularly organized and accredited civil defense organization and serves as volunteer without compensation in such organization * * *." ORS 401.805.

■ It is undisputed that Blackmun was a volunteer and did not receive compensation. Defendant contends that since Blackmun had not taken the civil defense loyalty oath and that since the civil defense director did not maintain the type of enrollment records for civil defense volunteers provided for in ORS 401.830, Blackmun should not be classified as a civil defense volunteer. Defendant, however, concedes the lack of importance of the oath under the circumstances here by saying, "taking, or not having taken, a loyalty oath is a secondary consideration." As to the matter of record of enrollment, the statute providing therefor concludes as follows:

"The information contained in such record of enrollment shall be prima facie evidence of information on which the department may rely in paying claims of civil defense volunteers or their bene-

---

①ORS 401.810:

"(1) Every civil defense volunteer shall receive benefits as provided in ORS 401.805 to 401.890 for injury sustained in civil defense service performed within or without the state:

"(a) Where the injury is proximately caused by or in the course of civil defense service, with or without negligence of the civil defense volunteer.

"* * * * *."

ficiaries under ORS 401.805 to 401.890. If such record is not furnished to the fund as required by this section, the burden of proving his right to compensation under ORS 401.805 to 401.890 shall rest on the claimant." ORS 401.830 (3).

The absence of a record of enrollment, then, simply shifts the burden of proof as to the right to compensation to the claimant.

■ Defendant claims the sheriff's patrol, in which Blackmun was participating at the time of his death, was not "a regularly organized and accredited civil defense organization"; rather, it was simply an organization to aid the sheriff in his functions and thus not the type of organization contemplated in the civil defense law. While not conclusive, the testimony of the local civil defense director, that he considered the sheriff's patrol one of the two biggest parts of the civil defense organization of the county, is entitled to consideration, as is his testimony that he considered Blackmun to be engaged in a civil defense training mission where an actual search and rescue was involved. "Rescue," and the training therefor, are defined as civil defense functions:

> " 'Civil defense' means the preparation for and the carrying out of all emergency functions, other than functions for which the Federal Government is primarily responsible, to minimize and repair injury and damage resulting from disasters caused by enemy attack, sabotage or other hostile actions, or by fire, flood, earthquake or other natural causes. These functions include, without limitation, fire fighting services, police services, medical and health services, *rescue* * * * together with all other activities necessary or incidental to the preparation for any carrying out of the foregoing functions * * *." (Emphasis supplied.) ORS 401.030 (1).

In connection with training:

> " 'Civil defense service' includes all activities authorized by and carried on pursuant to ORS 401.010 to 401.190, including such training as is necessary and proper to engage in such activities." ORS 401.805 (1).

■■ Whether an organization is a civil defense organization is determined not so much by what its by-laws or constitution provide, or what someone thinks about it, but what it actually does. Here, the sheriff's patrol was actually engaged in training involving a search and rescue mission, which the statute denominates a civil defense function. The trial court found (1) that Blackmun was engaged in civil defense service and was a civil defense volunteer worker at the time of his death; (2) that the Josephine County Civil Defense organization was a regularly organized and accredited civil defense organization; and (3) that Blackmun, through the sheriff's patrol, was enrolled in the civil defense mission by the Josephine County Civil Defense director. We concur in these findings. We conclude, therefore, that the plaintiff is entitled to the benefits provided in ORS 401.835.

■ The circuit court allowed $1,000 attorney fees for plaintiff. The civil defense injury statute (ORS 401.835) does not provide for attorney fees. It states that "benefits shall be paid in the same manner as provided for injured workmen under the workmen's compensation laws of this state." If the legislature had intended to provide for the allowance of attorney fees in the restricted civil defense injury law, it could have done so. It did not. The judgment is modified to delete the allowance of attorney fees.

Affirmed as modified.