Argued September 21, affirmed November 2, petition for rehearing
denied December 1, 1970, petition for review
denied February 9, 1971

## HINCH, *Appellant*, *v.* STATE COMPENSATION DEPARTMENT, *Respondent.*

475 P2d 976

*Robert H. Grant*, Medford, argued the cause for appellant. On the brief were Bernard P. Kelly and Kelly & Grant, Medford.

*Al J. Laue*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

## SCHWAB, C. J.

In May 1960, plaintiff suffered an accidental injury while working for his employer. Both plaintiff and his employer were covered under the Workmen's Compensation Laws of Oregon. Defendant accepted plaintiff's claim, and in July 1962, granted him a permanent partial disability award and closed his claim. At the time the award was made and until January 1967, plaintiff was serving a prison term for the commission of a felony. Upon release from prison plaintiff filed an application for increased compensation which was denied, as was his petition for rehearing.

Plaintiff then appealed to the circuit court. Defendant demurred on the ground that plaintiff's complaint showed on its face that the action was not commenced within the time provided by ORS 656.276 (2),[1] repealed by Oregon Laws 1965, ch 285, § 95, p 624. The court sustained the demurrer and entered a defendant's judgment from which plaintiff appeals.

Plaintiff contends that since his right to maintain an action while he was imprisoned was suspended under ORS 137.240 (1)(a)[2] he should now be able to maintain the action by virtue of the provisions of ORS

---

[1] ORS 656.276 (2) read as follows:

"An application for increased compensation for aggravation must be filed within two years from the date of the first final award of compensation to the claimant, or if there has been no such award, within two years of the order allowing the claim."

[2] ORS 137.240 (1)(a) provides:

"Conviction of a felony:

"Suspends all the civil and political rights of the person so convicted."

12.160.[9] He further contends that if ORS 12.160 does not toll the limitation period for filing his appeal, then ORS 137.240 (1)(a) is void as denying him his rights under the Fourteenth Amendment to the United States Constitution. Plaintiff's contentions have been decided adversely to him by the Oregon Supreme Court in *Boatwright v. S.I.A.C.*, 244 Or 140, 416 P2d 328 (1966), in which the court said at page 142:

"* * * It [ORS 12.160] does not toll the limitation period for filing appeals from the Industrial Accident Commission to the circuit court.",

and, at pages 143-44:

"Plaintiff asserts the statute as interpreted by the trial judge is invalid under the Federal and State Constitutions, but he cites no judicial authority to support such assertions. We find such arguments without validity."

See also *Lough v. State Industrial Acc. Com.*, 104 Or 313, 207 P 354 (1922), cited with approval in *Boatwright v. S.I.A.C.*, supra, which held that a workman who was rendered mentally incapable by an industrial injury and thus rendered incapable of filing a claim, was, nevertheless, barred because he did not file his

---

[9] ORS 12.160 provides as follows:

"If, at the time the cause of action accrues, any person entitled to bring an action mentioned in ORS 12.010 to 12.050 or 12.070 to 12.260 is:

"(1) Within the age of 21 years,

"(2) Insane, or

"(3) Imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life,

"the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability, nor shall it be extended in any case longer than one year after such disability ceases."

claim within three months after the injury, as the statute required.

The result may be harsh—if so, the remedy lies with the legislature.

Affirmed.