Argued July 21, affirmed August 26, 1971

# CHINN, *Appellant, v.* STATE OF OREGON, *Respondent.*

488 P2d 293

*Charles Paulson,* Portland, argued the cause and filed the brief for appellant.

*Malcolm L. Brand,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

This is an appeal from a judgment for the defendant entered after a demurrer to plaintiff's complaint for failure to state a cause of action was sustained. The sole issue is the plaintiff's right, as a prisoner currently incarcerated in the Oregon State Penitentiary for the commission of a felony, to bring an action, under the Oregon tort claims act, ORS 30.260 et seq.

On August 3, 1962, the plaintiff, having been sentenced to 15 years upon conviction of rape, became and, at all relevant time continued to be, an inmate of the Oregon State Penitentiary. On January 31, 1969, he was assaulted and injured by a fellow inmate. He thereupon filed action against the state under the Oregon tort claims act, alleging certain acts of negligence on the part of its employes. The trial court sustained the defendant's demurrer under authority of ORS 137.240, which provides in part:

"(1) Conviction of a felony:

"(a) Suspends all the civil and political rights of the person so convicted."

■ Plaintiff argues that *Boatwright v. S.I.A.C.*, 244 Or 140, 416 P2d 328 (1966), should not apply to the facts of this case, but cites as authority in support of his contention only *United States v. Muniz*, 374 US 150, 83 S Ct 1850, 10 L Ed 2d 805 (1963), which is not in point. The federal statutes, 28 USC § 1346 (b), and § 2671 et seq, do not contain provisions similar to ORS 137.240.

■ Plaintiff also argues that ORS 137.240 is unconstitutional. This argument has been squarely answered by *Boatwright*, in which the court said:

"Plaintiff asserts the statute as interpreted by

the trial judge is invalid under the Federal and State Constitutions * * *. We find such arguments without validity." 244 Or at 143-44.

As we said in *Hinch v. Compensation Dept.*, 4 Or App 76, 475 P2d 976 (1970), Sup Ct *review denied* (1971), when discussing the same statute:

"The result may be harsh—if so, the remedy lies with the legislature." 4 Or App at 79.

Affirmed.