**Wendell M. DELORME, and all persons similarly situated, Plaintiffs,**

v.

**PIERCE FREIGHTLINES CO., an Oregon corporation et al., Defendants.**

**Civ. No. 72-644.**

United States District Court, D. Oregon.

Jan. 18, 1973.

Laird Kirkpatrick, Charles R. Williamson, Legal Aid Service, Portland, Ore., for plaintiffs.

Schouboe & Cavanaugh, Portland, Ore., for defendants Pierce Freightlines and Transport Indemnity Co.

Lee Johnson, Atty. Gen., A. J. Laue, Asst. Atty. Gen., Salem, Ore., for Keith Wilson, Gordon Sloan and George Moore.

OPINION AND ORDER

Before GOODWIN, Circuit Judge, and SOLOMON and BURNS, District Judges.

SOLOMON, Judge:

Wendell Delorme, a prisoner at the Oregon State Penitentiary, seeks a declaratory judgment and injunction invalidating Oregon's "civil death" statute, ORS 137.240,[1] because it deprives him of access to the State's courts and administrative bodies.[2] A three-judge court was convened under 28 U.S.C. §§ 2281 and 2284.

The facts are not in dispute. On December 16, 1968, Delorme injured his back while lifting freight for his employer, Pierce Freightlines Co. (Pierce). On December 31, 1969, Delorme was awarded workmen's compensation, and, on November 3, 1971, his award was increased on the basis of an aggravation. Transport Indemnity Co. is the workmen's compensation carrier for Pierce.

On September 30, 1971, Delorme was convicted of a felony in the Multnomah County Circuit Court, and the Court subsequently sentenced him to 10 years imprisonment.

On November 9, 1971, Delorme requested a hearing from the Workmen's Compensation Board (Board), contending that the award on November 3 was inadequate. The hearing officer rejected Delorme's request on the ground that ORS 137.240 stripped Delorme of the legal capacity to request a hearing. The hearing officer also rejected Delorme's request to retain jurisdiction over Delorme's claim until his release from prison, at which time his civil rights will be restored under ORS 137.240(2).

On July 21, 1972, the Board affirmed the decision of the hearing officer. Delorme appealed to the Multnomah County Circuit Court to prevent the Board's decision from becoming final while his case was pending in this Court.[3] The Circuit Court has stayed that action until a decision is reached here.

The Oregon civil death statute suspends the right of an imprisoned felon to pursue administrative or judicial actions. Chinn v. State, 6 Or.App. 350, 488 P.2d 293 (1971). A claimant has one year from the date of an award to request a hearing on the award. ORS 656.268(4). Unless this Court grants relief, Delorme will be unable to obtain a hearing on the November 3 award since the one-year period elapsed on November 3, 1972, while Delorme was in prison.

Delorme claims that ORS 137.240 violates his constitutional rights under the First Amendment and under the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

Defendants contend that ORS 137.240 serves valid state purposes. They allege that the statute prevents prisoners from being "distracted" from rehabilitation

1. ORS 137.240 provides that:
   "(1) Conviction of a felony:
       (a) Suspends all the civil and political rights of the person so convicted.
       (b) Forfeits all public offices and all private trusts, authority or power during the term or duration of any imprisonment.
   "(2) However, a person convicted of a felony may lawfully exercise all civil rights during any period of parole or probation or upon final discharge from imprisonment.
   " . . . . "

2. The ancient Greeks were the first to strip criminals of their civil rights, including the rights to appear in court, vote, make speeches, attend assemblies, and serve in the army. The Romans followed the Greek practice, and, with the expansion of the Roman Empire, civil disability laws became part of the legal systems in England and Europe. These laws were justified as retaliation against the criminal.

   Civil disabilities made their way from England to America during colonization. Today, only 12 states, in addition to Oregon, have civil death statutes which deprive prisoners of all their civil rights. No legislative history explains the purpose of these laws in modern jurisprudence. See generally LeCornu, The Collateral Consequences of a Criminal Conviction, 23 Vand.L.Rev. 929, 941–951 (1970).

3. ORS 656.295(8) provides that:
   "An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the c' cuit court for judicial review . . .

programs and that it prevents frivolous litigation by inmates.

We decide this case on the basis of the Equal Protection Clause alone, although we believe there is much merit in Delorme's other arguments.

■■ There is no dispute that the goals of preventing pointless litigation and rehabilitating prisoners are constitutionally permissible. But if ORS 137.-240 is to withstand the test of the Equal Protection Clause, defendants must also show that these goals are rationally related to the action taken by the State, which suspends the right of an imprisoned felon to litigate his legal claims. Reed v. Reed, 404 U.S. 71, 91 S.Ct. 251, 30 L.Ed.2d 225 (1971). Defendants have not made such a showing. We find that the means used here to accomplish the State's purposes are impermissibly broad.

■ No one contends that Delorme's request for a hearing on his award was frivolous. The State cannot reduce frivolous litigation by excluding from court an entire class of litigants because some members of the class may assert improper claims. Much less onerous ways are available to protect the judicial process. *See* Boddie v. Connecticut, 401 U.S. 371, 381–382, 91 S.Ct. 780, 28 L.Ed. 2d 113 (1971).

■ We find no basis to believe the State's contention that rehabilitation is impaired by allowing prisoners to litigate their claims. The State's justifications are particularly unconvincing in light of the harsh effect on Delorme and other prisoners who may forever lose their access to the legal machinery to redress legitimate complaints. Others who do not forever lose their claims are forced to delay their actions months or years until their release from prison. Such delays frequently deny them relief. *See* Peterson v. Nadler, 452 F.2d 754, 756 (8th Cir. 1971).

■ We find ORS 137.240 unconstitutional insofar as it prevents Delorme from prosecuting his workmen's compensation claim either before state administrative agencies or the courts: The Board shall direct the hearing officer to accept jurisdiction over Delorme's claim. So ordered.