Argued April 24, reversed May 31, petition for rehearing denied
June 14, petition for review allowed September 5, 1973.

JOHNSON, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 77424),
*Appellant.*

510 P2d 572

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for appellant. With him on the brief
were Lee Johnson, Attorney General, and John W.
Osburn, Solicitor General, Salem.

*Raymond J. Conboy,* Portland, argued the cause
for respondent. With him on the brief were Pozzi,
Wilson & Atchison, and Dan O'Leary, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT,
Judges.

FORT, J.

This is an appeal by the State Accident Insur-
ance Fund contesting the awarding of attorney fees

to a claimant who received an award under the Inmate Injury Law (ORS 655.505 to 655.550). Procedurally, the claim was initially rejected by the Fund. On appeal the hearing officer again rejected the claim. The Board on review granted the claim and awarded attorney fees; SAIF then appealed to the circuit court, which affirmed the Board's order and also awarded attorney fees. SAIF appeals to this court and claims the awarding of fees was erroneous in both instances.

The Inmate Injury Law was adopted in 1963 and is substantially unchanged since its original enactment. ORS 655.505-655.550.[1] In its brief, appellant contends it does not provide for attorney fees. On oral argument, however, appellant concedes this contention is erroneous and that attorney fees on appeal from the circuit court, pursuant to ORS 655.525,[2] are allowable to the extent provided in ORS 656.301 (2).[3]

Relying on ORS 655.525, however, it contends that attorney fees are not here authorized at the Board or the circuit court level. It concedes that a claimant in the position of plaintiff here would be entitled to attorney fees if he were a claimant under the Workmen's Compensation Act rather than the Inmate In-

---

[1] For a general description of the Act, see: Workmen's Compensation Practices, Oregon State Bar 293-98, § 20.1-.16 (1968).

[2] ORS 655.525 provides:

"An inmate or his beneficiary may obtain review of action taken on his claim as provided in ORS 656.283 to 656.304, except that appeal to the circuit court shall be to the circuit court of Marion County in all cases."

[3] ORS 656.301 (2) provides:

"In case of an appeal by the State Accident Insurance Fund or employer from an adverse decision of the circuit court, if the judgment of the circuit court is affirmed, the claimant shall be allowed attorneys' fees to be fixed by the court and to be paid by the party initiating the appeal, in addition to the compensation."

jury Law. ORS 656.386 and 656.388. But it says since those sections were not expressly adopted into the Inmate Injury Law, they have no application to a claim made under the latter law.

Reluctantly, we agree. We are not here dealing with the denial of a right to a prisoner to review of a Workmen's Compensation Board award made to him for an injury sustained while employed prior to his incarceration as in *Delorme v. Pierce Freightlines Co.,* 353 F Supp 258 (D Or 1973).

No equal protection question thus is presented by this appeal. No discrimination is here involved between this claimant and one who is injured in private employment and seeks compensation under the Workmen's Compensation Act. Here the question only is how much of the Workmen's Compensation Act did the legislature adopt as a part of the Inmate Injury Law. See *Boatwright v. S.I.A.C.,* 244 Or 140, 416 P2d 328 (1966).

Here the sole question is whether the Inmate Injury Law authorizes in addition to the compensation benefits granted to an inmate injured while working in the penal institution, those attorney fees made available by the Workmen's Compensation Act under ORS 656.386 and 656.388. At the time of adoption of the Inmate Injury Law, present ORS 656.386 appeared in substantially the same form as former ORS 656.588, and present ORS 656.388 appeared as former ORS 656.590.

ORS 655.525 relating to the right of review available to a claimant under the Inmate Injury Law limits them to those "as provided in ORS 656.283 to 656.304." Obviously these do not include either ORS 656.386 or 656.388. Yet they do include ORS 656.301 (2).

The rule relating to the allowance of attorney fees in workmen's compensation cases has been long and well established.

In *Bailey v. Morrison-Knudsen,* 5 Or App 592, 599, 485 P2d 1254 (1971), we said:

"We find no provision in the law whereby claimant is entitled to recover an attorney fee from his former employer for services performed by his counsel in successfully appealing the board's decision to the circuit court, where the claimant rather than the employer or the board initiated the appeal to the circuit court. We conclude that ORS 656.386 (2) controls. * * *",

and concluded:

"Much as we are persuaded by the meritorious argument of claimant's counsel of the inequity of requiring the injured workman to compensate his attorney from his disability award where the employer initiated the appeal to the board from a decision of the hearing officer awarding total and permanent disability, the remedy lies with the legislature." 5 Or App at 600.

In *Blackmun v. State Acc. Ins. Fund,* 3 Or App 559, 475 P2d 982 (1970), we said:

"The circuit court allowed $1,000 attorney fees for plaintiff. The civil defense injury statute (ORS 401.835) does not provide for attorney fees. It states that 'benefits shall be paid in the same manner as provided for injured workmen under the workmen's compensation laws of this state.' If the legislature had intended to provide for the allowance of attorney fees in the restricted civil defense injury law, it could have done so. It did not. The judgment is modified to delete the allowance of attorney fees." 3 Or App at 564.

In *Giese v. Safeway Stores,* 10 Or App 452, 499 P2d

1364, 501 P2d 982, Sup Ct *review denied* (1972), we said:

> "We consider our authority to grant such attorney fees in workmen's compensation cases to be the same as that of the Supreme Court. *Boorman v. Compensation Dept.*, 1 Or App 136, 143, 459 P2d 885 (1969). Such fees may be awarded only when expressly authorized by statute. *Bailey v. Morrison-Knudsen Co.*, 5 Or App 592, 598, 485 P2d 1254 (1971); *Peterson v. Compensation Department*, 257 Or 369, 477 P2d 216 (1970); *Uris v. Compensation Department*, 247 Or 420, 427 P2d 753, 430 P2d 861 (1967); *Adair v. McAtee*, 236 Or 391, 396, 385 P2d 621, 388 P2d 748 (1964)." 10 Or App at 459.

We cannot supply what the legislature omitted.

Reversed.