Argued April 25, affirmed May 12, reconsideration denied
June 18, petition for review denied August 6, 1975

LARRY SLOPAK, *Appellant, v.*
CORRECTIONS DIVISION (No. 85613),
*Respondent.*
535 P2d 106

*Herbert W. Titus,* University of Oregon School of Law, Eugene, argued the cause for appellant. With him on the brief was Angie King, Marion-Polk Legal Aid Service, Inc., Salem.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

FORT, J.

This is a declaratory judgment proceeding in which petitioner, an inmate of the Oregon State Penitentiary, sought to obtain a determination of the validity of an administrative rule adopted by respondent. Respondent demurred on the ground petitioner lacked the legal capacity to sue. ORS 16.260(2). The trial court sustained the demurrer and petitioner appeals.

■ Lack of legal capacity to sue is properly raised by demurrer. ORS 16.260(2). *Butts v. Purdy,* 63 Or 150, 168, 125 P 313, 127 P 25 (1912); *Owings v. Turner,* 48 Or 462, 87 P 160 (1906). In *Service v. Sumpter Valley Ry. Co.,* 88 Or 554, 171 P 202 (1918), the court said:

> "* * * It is true that if it is manifest upon the face of the complaint that the plaintiff has not legal capacity to sue it is ground of demurrer under Section 68, L. O. L. [Lord's Oregon Laws], and one which is waived if it so appear and the defendant answers without raising that objection. That rule applies to cases where it appears by the first plead-

ing that the moving party himself would have a cause of action except for some disability apparent in his initiatory statement, such as minority, insanity or the like. * * *" 88 Or at 587.

Petitioner alleges in his Petition for Declaratory Judgment:

"Petitioner is a resident of Marion County, State of Oregon, and is presently, and at all times material herein, has been incarcerated in the Oregon State Penitentiary, 2605 State Street, Salem, Oregon, under a sentence not to exceed 15 years, imposed on July 7, 1969, by the Circuit Court of the State of Oregon for the County of Multnomah upon a conviction of sodomy under former ORS 167.040."

■ The state, in challenging the right of petitioner to maintain this civil action, relies on ORS 137.240. That statute provides:

"(1) Conviction of a felony:

"(a) Suspends all the civil and political rights of the person so convicted.

"(b) Forfeits all public offices and all private trusts, authority or power during the term or duration of any imprisonment.

"(2) However, a person convicted of a felony may lawfully exercise all civil rights during any period of parole or probation or upon final discharge from imprisonment.

"(3) The provisions of subsections (1) and (2) of this section are not intended to render a person convicted of a felony incapable of:

"(a) Making a will; or

"(b) Making a power of attorney; or

"(c) Making and acknowledging a sale or conveyance of property; or

"(d) Appearing and commencing, maintaining or defending a proceeding for child custody or dissolution of marriage; or

"(e) Appearing and maintaining or defending any other cause of action while imprisoned or on release, if the action was started before the person's conviction.

"(4) Nothing in this section prevents a person convicted of a felony and imprisoned as a penalty therefor from entering into a civil contract of marriage during the period of imprisonment if in the judgment of the Administrator of the Corrections Division the marriage would contribute to the person's rehabilitation and the administrator consents to the marriage.

"(5) The provisions of subsections (1) and (2) of this section are not intended to render a person convicted of a felony ineligible to receive benefits under the Workmen's Compensation Law, including the right to file claims, file request for hearing, file request for review and file an appeal under the Workmen's Compensation Law."

It is clear that petitioner's rights are governed by the statute. In *Boatwright v. S.I.A.C.*, 244 Or 140, 416 P2d 328 (1966), the court said:

"ORS 137.240 provides: '(1) Conviction of a felony: (a) Suspends all the civil and political rights of the person so convicted.' This has been the law of Oregon since the state's inception. General Laws of Oregon (Deady 1845-1864) (Crim Code), § 701, p 575.

"Statutes similar to that of Oregon generally have been construed to suspend the prisoner's right to commence an action. *Green v. State*, 278 NY 15, 14 NE2d 833 (1938); cases cited in 48 Yale L J 913, n 9 (1939). We have intimated that this is true under the Oregon statute, but have not directly so held. *Grasser v. Jones*, 102 Or 214, 201 P 1069, 18 ALR 529 (1921). However, other legislation is conclusive evidence that the legislature intended the above-quoted legislation to suspend a prisoner's right to maintain an action." 244 Or at 141-42.

■ Subsequent to that opinion the legislature amended ORS 137.240 by adding subsection (5), quoted above (Oregon Laws 1974, ch 36, § 2, p 91 (Spec Sess). Such an amendment for the limited purpose therein set forth lends no basis for inferring a legislative intent further to modify ORS 137.240(1)-(a) by allowing this petitioner to maintain a declaratory judgment action.

■ In *Newton v. Cupp,* 3 Or App 434, 474 P2d 532 (1970), we said:

"Ordinary civil remedies for the protection of petitioner's constitutional rights are not available to one imprisoned upon conviction of a felony. ORS 137.240. *Boatwright v. S.I.A.C.,* 244 Or 140, 142, 416 P2d 328 (1966). * * *" 3 Or App at 439.

We adhere to that ruling.

There we also held that habeas corpus is an available remedy by which a prisoner convicted of a felony can raise appropriate claims relating to the denial of his constitutional rights connected with the condition of his confinement.

Accordingly, we do not reach the other contentions urged by petitioner.

Affirmed.