Submitted on briefs June 22; reversed July 7, 1937

# ETTER *v.* CITY OF EUGENE ET AL.

### (69 P. (2d) 1061)

.    *S. M. Calkins*, of Eugene, for appellants.

*Gordon S. Wells*, of Eugene, for respondent.

*Frank S. Grant*, City Attorney, of Portland, *amicus curiae*.

RAND, J.  The plaintiff, a girl 16 years of age, while swinging in a public park in the city of Eugene, sustained an injury through the breaking of a link in one of its chains.  She sued the city and the members of its common council by a guardian ad litem, basing her right to recover upon the alleged negligence of the city and the members of the common council in failing to inspect and keep the swing in proper condition and repair.  She obtained a judgment against all the defendants and they have appealed.

In her complaint, the plaintiff alleged that Hendricks' Park, the place where the accident occurred, is a public park and is maintained by the city of Eugene as a public park, playground and picnic ground for the use, benefit and pleasure of the general public, and the whole evidence shows that the city charges nothing for admission into the park and receives no emoluments, profits or special benefits from its operation.  In other words, it is both alleged and proved that this park is maintained at the expense of the taxpayers of the city exclusively for the use and enjoyment of the public and not because of any special benefit derived therefrom by the city.

■■ It is well settled in this state that the powers which may be exercised by a municipal corporation, such as a city or town, are of two kinds: the one governmental, legislative or public, the other proprietary or private. When acting in their public capacity, that is to say, in matters pertaining to the government of their inhabitants and the ordering of their public officers, they exercise the public franchises conferred upon them solely for the public good rather than for their special advantage and, in so acting, they are, in respect to said matters, a part of the machinery of the state government and for the acts and omissions of their officers, agents and employees they are not liable at the suit of a private person. But when acting in their proprietary or private character, they are regarded as acting for their own emolument or gain rather than from considerations of state, and, although the public may derive a common benefit therefrom, they are, in respect to such matters, subject to the same liability as a private corporation.

■ In this state it is settled by an unbroken line of decisions that a municipal corporation, when engaged exclusively in the performance of its political and governmental functions, is not liable at the suit of a private person for the negligent acts of its officers, agents and employees: *Caspary v. Portland,* 19 Or. 496 (24 P. 1036, 20 Am. St. Rep. 842); *Esberg Cigar Co. v. Portland,* 34 Or. 282 (55 P. 961, 43 L. R. A. 435, 75 Am. St. Rep. 651); *Wagner v. Portland,* 40 Or. 389 (60 P. 985, 67 P. 300); *Pacific Paper Co. v. Portland,* 68 Or. 120 (135 P. 871); *Blake-McFall Co. v. Portland,* 68 Or. 126 (135 P. 873); *Antin v. Union High School District No. 2,* 130 Or. 461 (280 P. 664, 66 A. L. R. 1271); *Hise v. North Bend,* 138 Or. 150 (6 P. (2d) 30).

The necessity for the establishment and maintenance in cities and towns of this state of free public parks for the use, enjoyment and recreation of the public has long been recognized by the courts and by the legislature. See *Church v. Portland*, 18 Or. 73 (22 P. 528, 6 L. R. A. 259), where this court, speaking through Mr. Chief Justice THAYER, said:

"* * * They afford healthful and pleasant resorts in the heated season, and are in fact the only places where a large class of the community are able to go and enjoy the blessings and comfort of shade and pure air; and any attempt on the part of public officials to appropriate them as a site for public buildings, in which to conduct the economic affairs of a city, under any pretext whatever, would, as I view it, be a cruel effort to subvert a humane scheme."

The legislature of this state also has repeatedly provided for the establishment and maintenance of free public parks by cities, towns, counties and by the state itself as well as by religious and charitable bodies for the use and enjoyment of the public. See sections 25-901, 27-128 and 28-1004, Oregon Code 1930, and other provisions of the statute which may readily be found.

■ ■ Under the admitted facts in this case Hendricks' Park is being maintained by the taxpayers of the city of Eugene exclusively for the use and enjoyment of the public and without any special benefit or emolument being derived by the city therefrom. In maintaining this park, the city was acting to promote the public health and welfare and, therefore, in a governmental capacity. For that reason, the city is not liable for the acts and omissions of any of its officers, agents or employees resulting in the injury complained of here. Nor is there any allegation or proof which makes any

of the other defendants liable for plaintiff's injury since there is no allegation or proof of any individual negligence upon their part. See *Antin v. Union High School District No. 2*, supra.

For these reasons, the judgment appealed from must be reversed and the cause will be remanded to the court below for such further proceedings as are not inconsistent herewith, and it is so ordered.