Submitted on record and briefs April 3, affirmed October 22, 2003, petition for review denied January 27, 2004 (336 Or 377)

FRANK E. VOTH,
*Appellant,*

*v.*

STATE OF OREGON,
Robert Lampert,
and Officer Hoglan,
*Respondents.*

01C-15561; A117697

78 P3d 565

Frank E. Voth filed the briefs *pro se*.

Jas. Jeffrey Adams, Assistant Attorney General, filed the brief for respondents. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Schuman, Judge.

EDMONDS, P. J.

---

\* Deits, C. J., *vice* Kistler, J., resigned.

## EDMONDS, P. J.

Plaintiff, an inmate in an Oregon correctional facility, appeals from the trial court's grant of summary judgment to defendant State of Oregon[1] dismissing his negligence and intentional infliction of emotional distress claims for noneconomic damages. ORCP 47 C. The trial court ruled under ORS 30.650[2] that plaintiff could not recover noneconomic damages in the absence of establishing economic damages. We affirm.

For the purpose of this summary judgment proceeding, we state the facts in the light most favorable to plaintiff. *Shockey v. City of Portland*, 313 Or 414, 422, 837 P2d 505 (1992), *cert den*, 507 US 1017 (1993). Plaintiff was in the custody of the Oregon Department of Corrections during all of the events related to this action. He suffers from a medical problem related to his feet. From the fall of 1991 through the spring of 1998, plaintiff received medically prescribed orthopedic shoes and socks from defendant. He alleges that, after that time, defendant failed to provide the protective shoes and that it confiscated, without medical authorization, the shoes that he had been given. In 1999, plaintiff obtained a habeas corpus judgment directing Superintendent Lampert to provide plaintiff "with shoes and socks which will properly address his foot problem." Nonetheless, according to plaintiff, defendant continued to refuse to provide the necessary shoes to plaintiff. He alleges that he suffers severe mental and physical pain while his foot condition continues to deteriorate. Plaintiff's complaint alleges claims in negligence for failing to provide the shoes and for intentional infliction of emotional distress resulting from the confiscation of the prescribed footwear. He also alleges that, as a result of defendant's conduct, he is unable to work, unable to receive pay for

---

[1] Plaintiff also brought claims under 42 USC section 1983 against defendants Superintendent Robert Lampert and Corrections Officer Hoglan. The trial court dismissed those claims, and plaintiff does not assign error to those rulings.

[2] ORS 30.650 provides:

"Noneconomic damages, as defined in ORS 18.560, may not be awarded to an inmate in an action against a public body unless the inmate has established that the inmate suffered economic damages, as defined in ORS 18.650."

his work and, ultimately, unable to purchase the necessary footwear from his own funds.

At a hearing on cross-motions for summary judgment, the trial court ruled that no genuine issue of material fact existed regarding whether plaintiff suffered economic damages as a result of defendant's conduct. Although plaintiff alleges that he was unable to work and earn money because of the deprivation of proper footwear, the trial court ruled, based on the summary judgment record before it, that it is uncontroverted that plaintiff's inability to work resulted from unrelated medical issues and not from defendant's conduct as alleged in plaintiff's complaint.[3] It followed that plaintiff's remaining claims for noneconomic damages are not legally cognizable under ORS 30.650. Before any order was entered on the trial court's ruling, plaintiff sought reconsideration. Plaintiff reiterated several constitutional arguments that he had raised at the summary judgment hearing in support of his motion. However, the trial court entered judgment against plaintiff without ruling on the motion for reconsideration. It subsequently issued an order denying plaintiff's motion for reconsideration, which, for the reasons explained below, is surplusage for purposes of appellate review.

Plaintiff appealed from the judgment in a timely fashion, and, thus, we have jurisdiction over the appeal. As we understand plaintiff's arguments on appeal, he must implicitly concede that the state is entitled to affirmance of the judgment on both the negligence and intentional infliction of emotional distress claims unless ORS 30.650, as applied to him, is unconstitutional. However, in his brief he assigns error only to the denial of his motion for reconsideration. As a result, defendant argues, we should "dismiss this appeal, or, at a minimum, summarily affirm" because the order denying the motion for reconsideration is not a reviewable order.

Under the circumstances of this case, we disagree. In effect, plaintiff's motion for reconsideration asked the trial court to reconsider before it made a final ruling. Because plaintiff's motion for reconsideration was made before the

---

[3] Plaintiff does not challenge that ruling on appeal.

court's final ruling was made by order or by judgment, the court had the opportunity to change its ruling before it finally made it.[4] However, it declined to do so. The effect of its action was to consider and reject plaintiff's constitutional challenges as part of its ruling on the motion for summary judgment. Although plaintiff's assignment of error is inartful, we consider it under these circumstances as assigning error to the grant of summary judgment and therefore reviewable. It follows that the state's argument that plaintiff's constitutional arguments are not preserved under ORAP 5.45 is also not well taken.

We conclude, therefore, that, despite the above difficulties, the constitutional arguments raised are, procedurally, properly before us. The issue on appeal is whether the application of ORS 30.650 to plaintiff's claims denied him rights guaranteed to him by the Oregon Constitution. Plaintiff raised several constitutional provisions to the trial court in his motion for reconsideration, and he reiterates those arguments on appeal. What follows in this opinion is a discussion of those arguments.

### Article I, section 10, of the Oregon Constitution[5]

■      Plaintiff argues that ORS 30.650 unconstitutionally deprives him of a remedy under Article I, section 10, because, in his words, it "subjects 'Civil Death' upon Appellant when his civil action is dismissed pursuant to the provisions of ORS 30.650." Before turning to a legal analysis of plaintiff's arguments under Article I, section 10, it is helpful to discuss what "civil death" means in the context of Oregon law. In 1975, the legislature passed Oregon Laws 1975, chapter 781, which repealed *former* ORS 137.240 (1974) and replaced it with ORS 137.275 (1975). *Former* ORS 137.240 provided, in part:

"(1)   Conviction of a felony:

---

[4] *Cf. Sorenson v. DMV*, 190 Or App 164, 170, 78 P3d 145 (2003) (holding that a motion for reconsideration made after entry of an order is equivalent of a motion for new trial and must comply with ORCP 64 B).

[5] Article I, section 10, provides, in relevant part, that "every man shall have a remedy by due course of law for injury done him in his person, property, or reputation."

"(a) Suspends all the civil and political rights of the person so convicted."

In *Boatwright v. S.I.A.C.*, 244 Or 140, 142, 416 P2d 328 (1966), the court held that, under that statute, a prisoner "had no legal *capacity* to maintain [an] action." (Emphasis added.) *Accord Chinn v. State*, 6 Or App 350, 351-52, 488 P2d 293 (1971). As the court explained in *Harris v. Craig*, 299 Or 12, 15, 697 P2d 189 (1985):

> "The 'civil death' statute [*former* ORS 137.240] denied felons the *right* to sue, along with other civil rights, as a deprivation, in effect an additional penalty for the commission of the felony."

(Emphasis added.) Civil death, *civiliter mortuus*, literally means that one is considered dead under the law—although still possessing natural life. *See generally* Bouvieu's Law Dictionary (revised) 233 (6th ed 1856).

Also, plaintiff's "civil death" argument must be considered in the context of several statutory provisions. In a general sense, the Oregon Tort Claims Act, ORS 30.260 to 30.300, permits some claims to be brought that would otherwise be barred by the common-law doctrine of sovereign immunity. ORS 137.275, the statute enacted by the legislature in lieu of *former* ORS 137.240, is more specific as to legal actions brought by inmates; it provides:

> "Except as otherwise provided by law, a person convicted of a felony does not suffer civil death or disability, or sustain loss of civil rights or forfeiture of estate or property, but retains all of the rights of the person * * * not limited to, the right to * * * maintain and defend civil actions, suits or proceedings."

Thus, ORS 30.260 to 30.300 and ORS 137.275 operate in tandem in this case; the former permits the state to be sued under certain circumstances and the latter abrogates common-law civil death for felons except as "otherwise provided by law." Together, they make clear that prison inmates as a class do not suffer from civil death or the incapacity to bring a legal action under the present law. Although plaintiff argues that ORS 30.650 is a statute that "otherwise provides" for civil death, the statute does not prevent an inmate from having the *capacity* to bring a claim against a public body for

negligence or intentional infliction of emotional distress; rather, it imposes a condition on the recovery of noneconomic damages in those kinds of actions. In fact, ORS 30.650 recognizes implicitly the capacity of an inmate to sue for both economic and noneconomic damages. The statute merely operates to bar the *award* of noneconomic damages unless the inmate also establishes that he or she suffered economic damages. Accordingly, we reject plaintiff's argument that ORS 30.650 subjects an inmate to civil death.

■   The more important question under plaintiff's argument remains whether Article I, section 10, guarantees plaintiff a remedy for his noneconomic damages that the legislature could not take away from him. In *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 124, 23 P3d 333 (2001), the Supreme Court established a two-step analysis under Article I, section 10:

> "[T]he first question is whether the plaintiff has alleged an injury to one of the absolute rights that Article I, section 10 protects. Stated differently, when the drafters wrote the Oregon Constitution in 1857, did the common law of Oregon recognize a cause of action for the alleged injury? If the answer to that question is yes, and if the legislature has abolished the common-law cause of action for injury to rights that are protected by the remedy clause, then the second question is whether it has provided a constitutionally adequate substitute remedy for the common-law cause of action for that injury."

In order for plaintiff to succeed, he must demonstrate that he could have otherwise brought an action for negligence and intentional infliction of emotional distress against the State of Oregon at the time of adoption of the constitution. Under *Smothers*, the first inquiry is whether, at common law, the state was immune from such claims because of the doctrine of sovereign immunity. In *Hale v. Port of Portland*, 308 Or 508, 512-17, 783 P2d 506 (1989), the court conducted an extensive review of the doctrine of sovereign immunity. It explained that sovereign immunity from legal action "was universally accepted" in the American states, *id.* at 513; that the Oregon Territory did not modify the common-law rule, *id.* at 514; and that it "was a part of the state's law at the time of statehood." *Id.* Those conclusions

make it clear that plaintiff could not have sued the State of Oregon at common law for negligence or intentional infliction of emotional distress because of the doctrine of sovereign immunity. Therefore, Article I, section 10, provides plaintiff with no relief because his action was barred at common law and he would have had no remedy due to the state's sovereign immunity.

### Article I, section 17, and Article VII (Amended), section 3, of the Oregon Constitution

■      Plaintiff next argues that Article I, section 17, and Article VII (Amended), section 3, of the Oregon Constitution guarantee him the right to a trial by jury on his claims for noneconomic damages. Article I, section 17, provides that "[i]n all civil cases the right of Trial by Jury shall remain inviolate." In *Jensen v. Whitlow*, 334 Or 412, 422, 51 P3d 599 (2002), the court explained:

> "Article I, section 17, is not a source of law that creates or retains a substantive claim or a theory of recovery in favor of any party. Instead, as this court previously has held, Article I, section 17, simply 'guarantees a jury trial in civil actions for which the common law provided a jury trial when the Oregon Constitution was adopted in 1857[.]' The right to pursue a 'civil action,' if it exists, must arise from some source other than Article I, section 17, because, that provision 'is not an independent guarantee of the existence of a cognizable claim.' "

(Brackets in original; citations omitted.) As we hold above, the common law did not provide a jury trial for negligence and intentional infliction of emotional distress actions against the state in 1857. It follows that Article I, section 17, does not assist plaintiff.

■      Article VII (Amended), section 3, provides, in relevant part:

> "In actions at law, where the value in controversy shall exceed $750, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

In *Greist v. Phillips*, 322 Or 281, 293, 906 P2d 789 (1995), the court characterized section 3 as "guarant[eeing] that, after a jury trial, 'no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict.' " As the court explained in *Greist*, Article VII (Amended), section 3, addresses the power of courts to reexamine issues decided by a jury. 322 Or at 296. While Article VII (Amended), section 3, reaffirms the right of trial by jury, it is not a source of law that creates or retains a substantive claim or theory of recovery and is like Article I, section 17, in that regard.

### Article I, section 20, of the Oregon Constitution

Plaintiff argues that ORS 30.650 violates his constitutional rights under Article I, section 20. That constitutional provision provides: "No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens." Plaintiff reasons that,

> "in order for ORS 30.650 to be Constitutional under Article I, § 20[,] * * * it must be applied to all citizens of the State of Oregon; denying them a Trial by a Jury in a Civil Action, unless they too can show 'economic damages' from a injury done to them in their person, property or reputation."

(Emphasis omitted.) He also argues:

> "ORS 30.650 extends another form of immunity to the defendants' beyond that found in ORS 30.275, and authorizes prison officials to carry-out any type of 'Negligence and Wrongful Acts' against plaintiff, and not be held liable for the injury done to him in his Person, Property and Reputation. This Statute, therefore, nullifies the Oregon Tort Claim Act for plaintiff to redress his claims while in prison, because as long as the prison official's 'Negligent and Wrongful Act' does not cause plaintiff to suffer 'economic damages,' [ ]Plaintiff will not ever have his day in court, and the Oregon Tort Claim Act under ORS 30.275, is no longer required to determine if plaintiff's claims are appropriate for settlement under the provisions of ORS 30.260 to 30.300.[ ]"

(Emphasis omitted; brackets indicate omitted quotation marks.)

■        Article I, section 20, prohibits grants of two types of
"privileges" and "immunities." As we understand it, plain-
tiff's first argument is that ORS 30.650 gives a privilege to
noninmates to recover economic damages that does not exist
for inmates. In essence, he claims to be a member of a class
comprised of inmates that seek recovery for *only non-
economic damages* from the state. In *Tanner v. OHSU*, 157
Or App 502, 520, 971 P2d 435, we explained:

> "As used in the Article I, section 20, case law, the term
> 'class' takes on special meaning; only laws that disparately
> treat a 'true class' may violate that section of the constitu-
> tion. *State ex rel Huddleston v. Sawyer*, 324 Or 597, 610,
> 932 P2d 1145, *cert den*, [522] US [994], 118 S Ct 557, 139 L
> Ed 2d 399 (1997). In attempting to describe precisely what
> is meant by a 'true class,' the cases draw a distinction
> between classes that are created by the challenged law or
> government action itself and classes that are defined in
> terms of characteristics that are shared apart from the
> challenged law or action."

ORS 30.650 is a law that distinguishes between classifica-
tions created by the challenged statute. Both plaintiff's
status as an inmate and the distinction between those seek-
ing recovery of economic and noneconomic damages are stat-
utory creations. *See Huddleston*, 324 Or at 610 (discussing
Measure 11 and that criminal defendants are not a true
class); *see also Sealey v. Hicks*, 309 Or 387, 397-98, 788 P2d
435, *cert den*, 498 US 819 (1990) (reviewing product liability
claims); *Hale*, 308 Or at 524-26 (addressing tort damages).
There is no violation of Article I, section 20, on that basis.

■        As to plaintiff's second argument, that ORS 30.650
extends an unconstitutional immunity to prison officials, we
note that the only remaining defendant on appeal is the State
of Oregon. The Supreme Court has rejected the application of
the prohibition in Article I, section 20, against the grant of
"immunities" because the state is not a "citizen" for the pur-
poses of the Oregon Constitution. *Hale*, 308 Or at 524; *Eckles
v. State of Oregon*, 306 Or 380, 387, 760 P2d 846 (1988). We
conclude that ORS 30.650, as applied in this case, does not
violate Article I, section 20.

        Affirmed.