593

Argued and submitted August 24, 2004, affirmed July 13, 2005

Fern Winkler SCHLESINGER,
*Appellant,*

*v.*

CITY OF PORTLAND,
acting by and through the Bureau of Parks
and Recreation of the City of Portland,
*Respondent.*

0206-05898; A121555

116 P3d 239

Jonathan R. Gill argued the cause for appellant. With him on the briefs was Reeves, Kahn & Hennessy.

Harry Auerbach, Senior Deputy City Attorney, argued the cause and filed the brief for respondent.

Before Wollheim, Presiding Judge, and Edmonds, Judge,* and Deits, Judge pro tempore.

DEITS, J. pro tempore.

---

* Edmonds, J., *vice* Leeson, J. pro tempore

**DEITS, J. pro tempore**

Plaintiff was injured on a path in a public park in the City of Portland. She filed a complaint naming the city as the sole defendant, alleging that the city was negligent in constructing and maintaining the path. The city moved to dismiss the complaint under ORCP 21 A(8), contending that it was immune under the Public Use of Lands Act, ORS 105.672 to 105.700, which provides that an owner of land is not liable for a personal injury that arises out of the use of the land for recreational purposes. The trial court agreed with the city and dismissed the complaint. Plaintiff appeals from the ensuing judgment. We review for errors of law, *City of Keizer v. Lake Labish Water Control Dist.*, 185 Or App 425, 428, 60 P3d 557 (2002), *rev den*, 336 Or 60 (2003), and affirm.

For the purposes of this appeal, the critical factual allegations are as follows: In June 2000, plaintiff was walking her dog on a gravel path in Albert Kelly Park, a park maintained by the Bureau of Parks and Recreation of the City of Portland. As plaintiff was standing on the path, the gravel on the path became unstable and began to slide downhill. Plaintiff was injured as a result. Because we are reviewing the dismissal of a complaint under ORCP 21 A(8), we accept those allegations as true. *See, e.g., Boise Cascade Corp. v. Board of Forestry (A79626)*, 131 Or App 538, 540, 886 P2d 1033 (1994), *aff'd in part and rev'd in part on other grounds*, 325 Or 185, 935 P2d 411 (1997). Plaintiff served a tort claim notice on the city and subsequently initiated this negligence action. Plaintiff's complaint names a single defendant: the "City of Portland, through the Bureau of Parks and Recreation of the City of Portland."

■■ As noted, the city moved to dismiss the complaint, contending that it was immune from liability. The city relied on ORS 105.682, sometimes referred to as Oregon's "recreational use statute," *Waggoner v. City of Woodburn*, 196 Or App 715, 717, 103 P3d 648 (2004); *Conant v. Stroup*, 183 Or App 270, 280, 51 P3d 1263 (2002), *rev dismissed as improvidently allowed*, 336 Or 126 (2005), and on *Brewer v. Dept. of Fish and Wildlife*, 167 Or App 173, 2 P3d 418 (2000), *rev den*, 334 Or 693 (2002), in which we rejected arguments that ORS

105.682(1) was unconstitutional under the remedy clause of Article I, section 10, of the Oregon Constitution. ORS 105.682 provides, in part:

> "[A]n owner of land is not liable in contract or tort for any personal injury * * * that arises out of the use of the land for recreational purposes * * * when the owner of land either directly or indirectly permits any person to use the land for recreational purposes[.]"

According to the city, because plaintiff's injuries arose out of the recreational use of its park, her claim was barred by ORS 105.682.[1]

At the hearing on the motion to dismiss, plaintiff conceded that, looking at the "surface" of ORS 105.682, the city was immune. However, plaintiff argued that applying ORS 105.682 to her negligence claim would violate the remedy clause of Article I, section 10. First, plaintiff contended that her complaint stated a common-law cause of action, which the legislature could not constitutionally eliminate. She further contended that her situation was distinguishable from the situation in *Brewer*. In plaintiff's view, *Brewer* established a "balancing of benefits and detriments" approach to remedy clause questions involving the recreational use statute. In the circumstances of *Brewer*, according to plaintiff, application of the recreational use statute balanced the detriment to the plaintiffs—the elimination of their cause of action—with a benefit—the right to use land that had not previously been open to the public. By contrast, however, plaintiff argued, her injury occurred on public land that she had the "inherent" right to use; accordingly, in her

---

[1] When a party moves to dismiss a complaint on the basis of immunity, all factual allegations necessary to establish immunity must be included in the complaint. *Franke v. ODFW*, 166 Or App 660, 666, 2 P3d 921 (2000) ("Unless immunity can be determined on the face of the complaint, dismissal under ORCP 21 A is not appropriate; rather, immunity must be pleaded as an affirmative defense and proved by the defendant."). One of the elements of immunity under ORS 105.682 is that the owner permits the use of land for recreational purposes. That element was not directly alleged in plaintiff's complaint. However, the complaint alleged and the parties appear to agree that the injury occurred in Albert Kelly Park, and, for these purposes, we find that sufficient to allege that the city permitted the use of the land where plaintiff was injured for recreational purposes.

view, there was no benefit to her from application of the recreational use statute to offset the detriment of eliminating her cause of action.

The city responded that the critical question in this case, under the analysis that the Supreme Court set forth in *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 124, 23 P3d 333 (2001), was whether plaintiff would have been able to seek a remedy for the injury that she alleged at common law. At common law, the city argued, governmental immunity would have barred plaintiff's action for negligence against it. According to the city, because plaintiff would have had no remedy in this situation at common law, application of ORS 105.682 to bar plaintiff's claim would not violate the remedy clause of Article I, section 10. The city further argued that it would be inappropriate to apply the *Brewer* benefits and detriments analysis in this case and that, even if that analysis were applied, a proper balance had been struck here because plaintiff had the same benefit—the right to use public land—and detriment—inability to sue the city for negligence—that she would have had at common law.

Also at the hearing on the city's motion to dismiss, plaintiff raised a somewhat different argument. Plaintiff noted that the city itself would be liable in this case only by virtue of the doctrine of *respondeat superior*; it was actually city employees who acted negligently. Those employees would not have been protected by governmental immunity at common law. However, plaintiff reasoned, the Oregon Tort Claims Act, particularly ORS 30.265, prevents her from naming those employees as parties.[2] Thus, in plaintiff's view, ORS 105.682 and ORS 30.265 operating together deprive her of a common-law remedy in violation of Article I, section 10: At common law, she would have had a remedy against the

---

[2] ORS 30.265 provides, in part:

"(1) * * * The sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties * * * shall be an action against the public body only. The remedy provided by ORS 30.260 to 30.300 is exclusive of any other action or suit against any such officer, employee or agent of a public body whose act or omission within the scope of their employment or duties gives rise to the action or suit. No other form of civil action or suit shall be permitted. If an action or suit is filed against an officer, employee or agent of a public body, on appropriate motion the public body shall be substituted as the only defendant."

negligent city employees, but ORS 30.265 bars her from enforcing that remedy directly, requiring instead that she seek a remedy from the city. She cannot seek a remedy from the city, however, because ORS 105.682 bars her from pursuing a claim against the city. The trial court asked for, and apparently received, additional briefing on that argument, but that briefing is not in the trial court file or part of the record on appeal.

■   As noted, the trial court dismissed plaintiff's complaint, and she now appeals. On appeal, plaintiff makes essentially the same arguments that she made to the trial court. In addition to the arguments outlined above, the city contends on appeal that plaintiff's argument that ORS 30.265 unconstitutionally bars any right that plaintiff might otherwise have to sue city employees for negligence is not properly raised in this case because plaintiff failed to name any individual employees as defendants or allege specifications of negligence on the part of any individual employees. The city further argues that plaintiff's argument fails because she cited no cases that establish that, at common law, she would have had a cause of action against individual city employees in this circumstance.[3]

■■   The purpose of the remedy clause "is to protect absolute common-law rights respecting person, property, and reputation, as those rights existed when the Oregon Constitution was drafted in 1857." *Smothers*, 332 Or at 118. In analyzing a remedy clause argument, we first examine the complaint to determine whether the plaintiff has alleged an injury to such a right. *Id.* at 124, 128; *see also DeMendoza v. Huffman*, 334 Or 425, 433, 51 P3d 1232 (2002) (first step under analytical approach outlined in *Smothers* "is to determine whether the injury that plaintiffs have alleged is one for which the remedy clause guarantees a remedy"). In this case,

_____

[3] To the extent that the city also argues that plaintiff's argument based on ORS 30.265 was not preserved or argued on appeal, we disagree. Plaintiff sufficiently raised the issue to the trial court at the hearing on the city's motion to dismiss. Although the city may have been surprised by that argument at the hearing, the purposes of the preservation doctrine were satisfied when the trial court gave the city the opportunity to submit further briefing on the point. *See State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990) (explaining purposes of preservation rule). Furthermore, plaintiff sufficiently raised the argument on appeal both in her brief and at oral argument.

plaintiff's complaint alleges that she suffered injury and incurred medical expenses because defendant, the City of Portland, negligently failed to grade and construct the path and failed to properly monitor and maintain the gravel path. Under *Smothers*, we must decide whether, when the Oregon Constitution was written, an action for negligence under those circumstances was recognized at common law. 332 Or at 128.

At common law before 1857, cities were immune from tort liability in connection with their "governmental" functions. *E.g.*, *Bailey v. Mayor*, 3 Hill (NY) 531, 539-41, 38 Am Dec 669 (1842); *Esburg Cigar Co. v. Portland*, 34 Or 282, 287-88, 55 P 961 (1899). *See also* Fowler V. Harper et al., 5 *The Law of Torts* § 29.6, 623-24 (2d ed 1986); James D. Barnett, *The Foundations of the Distinction Between Public and Private Functions in Respect to the Common-Law Tort Liability of Municipal Corporations*, 16 Or L Rev 250 (1937). The creation and maintenance of parks was considered to be a governmental function, and accordingly cities were not liable when the acts or omissions of their officers, agents, or employees led to injuries in municipal parks. *Etter v. City of Eugene*, 157 Or 68, 71, 69 P2d 1061 (1937). Accordingly, a plaintiff could not bring an action for negligence against a city for injuries received in a public park. *Id.*

■ Because a negligence action against a city for injuries received in a public park was not recognized at common law, giving the city the benefit of the immunity provided by ORS 105.682 in this case does not deprive plaintiff of a remedy protected by Article I, section 10. Put another way, any "right" to recover from the city for injuries sustained in a public park is not an "absolute right" protected by Article I, section 10. Accordingly, giving the city the benefit of immunity under the recreational use statute does not violate the remedy clause. *See also Voth v. State of Oregon*, 190 Or App 154, 160-61, 78 P3d 565 (2003), *rev den*, 336 Or 377 (2004) (because sovereign immunity was part of common law before the adoption of the constitution, statute barring actions against the state for negligence and intentional infliction of emotional distress in the absence of economic damages did not violate Article I, section 10).

Our conclusion is consistent with *Brewer*. In that case, the plaintiffs sued various state agencies and the Swackhammer Ditch Improvement District. The defendants moved to dismiss on the theory that they were immune under the recreational use statute. The trial court rejected the plaintiffs' argument that the recreational use statute was unconstitutional under Article I, section 10, and granted the defendants' motion. The plaintiffs appealed, and we affirmed. 167 Or App at 176. As far as the state agency defendants were concerned, we accepted the defendants' argument that "given the nature of the state's sovereign immunity, plaintiffs never had a right to recover against the state that was guaranteed by Article I, section 10." *Id.* at 180. That is the holding of *Brewer* that is germane to this case. Like the state agencies in *Brewer*, the city in this case was immune at common law from plaintiff's claim. Because she never had a right at common law to recover from the city in these circumstances, applying the recreational use statute to give the city immunity from plaintiff's claim does not violate Article I, section 10.[4]

■ According to plaintiff, however, the above conclusion does not end the matter. At common law, plaintiff argues, she would have had a right to bring an action against the city employees who negligently designed and maintained the park. *See, e.g., Bailey*, 3 Hill (NY) at 538 (at common law in 1842, public officer would be held responsible for negligence in discharge of duties); *Platt v. Newberg et al.*, 104 Or 148, 154-55, 205 P 296 (1922) (those injured by the negligent failure of public employees to discharge their duties at that time

---

[4] Because of our holding, we do not address plaintiff's argument based on the detriment/benefit calculus that we applied in *Brewer* to the defendant Swackhammer Ditch Improvement District, which would not have been immune at common law from the plaintiffs' claim. 167 Or App at 183-91. We note that part of the analysis in *Brewer* was based on our understanding of the Supreme Court's pre-*Smothers* remedy clause case law. The Supreme Court denied review in *Brewer* and so *Brewer* remains good law. However, it is notable that the operative portions of many of the cases that we relied on in our analysis of the plaintiffs' claim against the defendant Swackhammer Ditch Improvement District have been disavowed by the Supreme Court. *See Storm v. McClung*, 334 Or 210, 223, 47 P3d 476 (2002) (disavowing in part *Neher v. Chartier*, 319 Or 417, 879 P2d 156 (1994)); *Smothers*, 332 Or at 118-19 (disavowing in part *Sealey v. Hicks*, 309 Or 387, 788 P2d 435 (1990), *Hale v. Port of Portland*, 308 Or 508, 783 P2d 506 (1989), and *Noonan v. City of Portland*, 161 Or 213, 88 P2d 808 (1939)).

had, "and always had," a right of action against the employees; collecting cases); *see also* Harper, 5 *The Law of Torts* § 29.8 at 653-54 ("The Anglo-American tradition did not include a general theory of immunity from suit or from liability on the part of public officers."); Betty Van der Smissen, *Legal Liability of Cities and Schools for Injuries in Recreation and Parks* § 2.11 at 70-71 (1968) ("Whereas some schools and municipalities can seek refuge in the doctrine of governmental immunity, no such immunity cloaks the individual teacher, coach, maintenance man, or recreation leader."); *id.* § 2.11 at 21 (supp 1975). In plaintiff's view, substituting for that remedy only the right to pursue a claim against a public body that is immune by virtue of another statute violates Article I, section 10. That may or may not be so. *See Mattson v. Astoria*, 39 Or 577, 65 P 1066 (1901) (clause of city charter exempting both city and employees from liability in connection with injuries sustained on city streets violated Article I, section 10); *Smothers*, 332 Or at 119 (citing *Mattson* with approval).[5] Under *Smothers* as we understand it, however, our inquiry is restricted to assessing the claim as it has been pleaded. 332 Or at 128 (Article I, section 10, applies only when "the common law of Oregon would have recognized an action * * * *under the circumstances of [the] case*"); *see also Storm v. McClung*, 334 Or 210, 222, 47 P3d 476 (2002) (assessing under Article I, section 10, the claim that the plaintiff had brought, not a claim the plaintiff might have brought; because the plaintiff's action was brought pursuant to statute, it was immaterial whether there might have been a similar action available at common law).

Here, plaintiff named the City of Portland as the only defendant. Whether Article I, section 10, protects any

---

[5] In *Jensen v. Whitlow*, 334 Or 412, 418-22, 51 P3d 599 (2002), the Supreme Court held, *inter alia*, that a plaintiff's right of action against a public body under ORS 30.265 was a constitutionally adequate substitute remedy for any claim the plaintiff may have had against individual officers, employees, or agents. In that case, the court was answering certified questions from the United States District Court for the District of Oregon; as relevant here, it concluded that ORS 30.265 was not facially unconstitutional because, in some applications, plaintiffs would have adequate substitute remedies. *Id.* at 421. Accordingly, the court's holding in *Jensen* is not dispositive of whether, in circumstances in which a plaintiff may not pursue that substitute remedy because the public body is otherwise immune, ORS 30.265 would be unconstitutional as applied.

right that plaintiff might have to pursue a remedy from individual city employees for their negligence is an interesting question, but it is not a question presented under the circumstances of this case. In her complaint, plaintiff neither named any individual city employees nor alleged that her injuries resulted from the negligence of any individual city employees. If plaintiff wishes to challenge the abrogation of any right she may have had at common law to bring an action against individual city employees, she must bring an action against those employees, alleging that their negligence caused her injuries.

Plaintiff's argument that ORS 30.265 prevents her from bringing an action against individual city employees is unavailing. ORS 30.265(1) does provide that "[t]he sole cause of action for any tort of officers, employees or agents of a public body acting within the scope of their employment or duties * * * *shall be* an action against the public body *only*." (Emphasis added.) The statute further contemplates, however, that individual employees may be named in complaints but that "on appropriate motion the public body shall be substituted as the only defendant." More critically, to pursue the claim that plaintiff argues that she would have been entitled to pursue at common law—a negligence claim against city employees—she would have to allege that her injuries were caused by the negligence of particular city employees. *See* *Etter*, 157 Or at 71-72; *Antin v. Union High School Dist No. 2*, 130 Or 461, 471, 280 P 664 (1929). Plaintiff's complaint alleges only that she was injured by the negligence of the city.[6] Plaintiff's complaint simply does not raise the issue that she claims to raise: that, by replacing a cause of action against public employees for torts committed in the scope of their employment with a cause of action against a public body

---

[6] At oral argument before this court, plaintiff noted that her complaint alleges that the gravel path was "built and maintained by the Bureau of Parks and Recreation of the City of Portland, *or agents thereof.*" (Emphasis added.) Although that is true, plaintiff alleged only that the negligence *of the city* was the cause of the sliding of the path that led to her injuries; there are no allegations in her complaint regarding negligence of any city employee. Plaintiff further contended at oral argument that it is axiomatic that the city acts through its agents, apparently suggesting that the lack of allegations of negligence of individual city employees is unimportant. However, as explained above, plaintiff's claim at common law would have been against individual city employees. The allegations of plaintiff's complaint are not sufficient to present such a claim.

that is immune from liability under the recreational use statute, the OTCA prevents her from pursuing a remedy she could have pursued against those employees at common law in violation of Article I, section 10.

■ ■ Put another way, the remedy that plaintiff argues that she should be able to pursue is a remedy against individual city employees. Were we to agree with her, the proper result would be to allow her to pursue a claim against those employees. However, because plaintiff has not alleged that any city employee acted negligently, there is no existing claim that plaintiff could pursue. "[U]nder Article III, section 1, and Article VII (Amended), section 1, of the Oregon Constitution, the judicial power of the state vested in courts is limited to actual controversies between parties." *First Commerce of America v. Nimbus Center Assoc.*, 329 Or 199, 206, 986 P2d 556 (1999) (citing *Barcik v. Kubiaczyk*, 321 Or 174, 188-89, 895 P2d 765 (1995)). Similarly, a " 'controversy is justiciable, as opposed to abstract, where there is an actual and substantial controversy between parties having adverse legal interests.' " *Yancy v. Shatzer*, 337 Or 345, 349, 97 P3d 1161 (2004) (quoting *Brown v. Oregon State Bar*, 293 Or 446, 449, 648 P2d 1289 (1982)). Once it is determined that the city is immune under the recreational use statute, there is no actual controversy between the only two parties to this case: plaintiff and the city. Any possible controversy between plaintiff and the allegedly negligent individual city employees is not presented by this case.

The trial court did not err in dismissing plaintiff's complaint.

Affirmed.