Sheila **STEPHENS**, on her own behalf and as Personal Representative of the Estate of Allen L. Stephens; and Julian Stephens; James Robert Knoll, Plaintiffs—Appellants,

v.

Kevin Gerard **EVERS**, Defendant—Appellee,

and

City of Hillsboro, an Oregon municipal corporation, Defendant.

No. 06–36051.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 24, 2008.*

Filed Nov. 13, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Thomas J. Flaherty, Esq., Hillsboro, OR, for Plaintiffs–Appellants.

Gerald L. Warren, Law Office of Gerald L. Warren, Salem, OR, for Defendant–Appellee.

Before: TASHIMA and M. SMITH, Circuit Judges, and WU,** District. Judge.

MEMORANDUM ***

Plaintiffs–Appellants Sheila Stephens and her two adult sons, Julian Stephens and James Knoll, appeal the district court's grant of summary judgment in favor of Defendant–Appellee Kevin Evers. Plaintiffs brought suit under 42 U.S.C. § 1983, alleging that, when Evers lost consciousness behind the wheel of a city-owned vehicle and struck and killed Stephens' husband, he violated the decedent's Fourteenth Amendment right to substantive due process. Plaintiffs also sued under Oregon state law for wrongful death. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

■ In order for an individual to be subject to § 1983 liability for a violation of substantive due process, that individual must act in a way that "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). In some situations, deliberately indifferent or criminally reckless behavior that results in an injury may meet the conscience-shocking standard, while in other situations, substantive due process will be violated only where the governmental actor has intentionally caused harm. *Id.* at 848–49, 118 S.Ct. 1708. We need not decide which standard to apply in this case, because Stephens has not adduced evidence sufficient to create a genuine issue of material fact to meet even the lower standard of deliberate indifference.

Deliberate indifference requires that "a person ... 'consciously disregar[d]' a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 839, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting MODEL PENAL CODE § 2.02(2)(c)) (alteration in original). Although Evers knew he had sleep apnea, the disorder that, according to Stephens, caused Evers to lose consciousness, Stephens presented little evidence that Evers knew that driving in his condition created a substantial risk of serious harm. Neither of the two doctors who

---

** The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

480

treated Evers for sleep apnea recommended that he refrain from driving because of the condition, and there was no evidence that Evers had ever fallen asleep at the wheel before. Accepting as true the evidence on this issue offered by plaintiffs, we conclude that it is insufficient to raise a genuine issue of material fact that Evers acted out of deliberate indifference or conscious disregard.[1]

■■■ Stephens' husband was eligible for workers' compensation at the time of the accident; thus, under OR. REV. STAT. § 30.265(3)(a),[2] he and his heirs are precluded from suing for wrongful death. Stephens contends that this statute is unconstitutional under the federal and state constitutions. We disagree. The right of access to the courts provides only a procedural right, not a substantive right to a cause of action. See Christopher v. Harbury, 536 U.S. 403, 412–15, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). The same is true of the Seventh Amendment to the U.S. Constitution and Article I, § 17, of the Oregon Constitution, which guarantee the right to a jury trial. See Mountain Timber Co. v. Washington, 243 U.S. 219, 235, 37 S.Ct. 260, 61 L.Ed. 685 (1917) (Seventh Amendment); Hughes v. PeaceHealth, 344 Or. 142, 178 P.3d 225, 233 (2008) (Or. Const., art. I, § 17). The statute does not violate the Equal Protection Clause of the Fourteenth Amendment because the statute does not discriminate on the basis of a suspect class, and it passes the extremely deferential standard of rational-basis review. See Heller v. Doe, 509 U.S. 312, 319–20, 113 S.Ct. 2637, 125 L.Ed.2d 257

(1993). Nor does it deprive plaintiffs of a fundamental right. Stephens contends that § 30.265(3)(a) deprived her of a fundamental right by taking away her property right in a cause of action. In fact, she never had a right to a cause of action for wrongful death; thus, no property right was taken away. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 432, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). The statute also does not violate the equivalent provision of the Oregon Constitution. See Jensen v. Whitlow, 334 Or. 412, 51 P.3d 599, 605 (2002).

■ Finally, Stephens' sons argue that the bar of OR.REV.STAT. § 30.265(3)(a) does not apply to them because, unlike their mother, they were never eligible to receive workers' compensation benefits for their father's death. But the Oregon wrongful death statute allows a decedent victim's relative to bring suit only "if the decedent might have maintained an action, had the decedent lived, against the wrongdoer." OR.REV.STAT. § 30.020(1). Because of § 30.265(3)(a), the decedent in this case, had he survived, would not have been eligible to bring suit for wrongful death. Thus, Stephens' sons are likewise barred, regardless of whether they received compensation themselves. Storm v. McClung, 334 Or. 210, 47 P.3d 476, 482–83 (2002). We reject plaintiffs' contention that Storm limited its holding to those who had received workers' compensation benefits. In fact, the ruling was limited only because the defendant had not challenged an award

1. Cases in other jurisdictions in which defendants were alleged to have been criminally reckless in similar situations have required stronger evidence than was available here. See, e.g., Robertson v. State, 109 S.W.3d 13, 19–21 (Tex.App.2003).

2. The statute provides:

(3) Every public body and its officers, employees and agents acting within the scope of their employment or duties ... are immune from liability for:
(a) Any claim for injury to or death of any person covered by any workers' compensation law.
OR.REV.STAT. § 30.265(3)(a).

of damages to one of the parties. *See id.* at 483.

The district court's grant of summary judgment in favor of Evers is **AF-FIRMED**.